### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **ROBERT LEE TAYLOR,**          ) | |
|          ) | |
|       **Petitioner,**       ) | |
|          ) | |
| **v.**          ) | **No. CIV-05-1132-F** |
|          ) | |
| **ERIC FRANKLIN, Warden,**       ) | |
| **and DREW EDMONDSON,**       ) | |
| **Attorney General of the State of Oklahoma,[1]**  ) | |
|          ) | |
|      **Respondent.**       ) | |

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Respondent has filed a response to the petition and the relevant state court records (Record). Petitioner has filed a reply, and thus, the matter is at issue. For the reasons set forth below, it is recommended that the petition be denied.

Petitioner is challenging his conviction of indecent or lewd acts with a child under sixteen, in violation of Okla. Stat. tit. 21, § 1123(A)(2), committed after three previous felony convictions. District Court of Oklahoma County, Case No. CF-2003-2839. Petitioner was sentenced to thirty-five years imprisonment. Following his conviction, Petitioner filed a direct appeal, and the OCCA affirmed Petitioner's conviction and

---

[1]Petitioner has listed the Attorney General of the State of Oklahoma as a respondent. However, where the applicant is presently in custody pursuant to the state judgment in question, the state officer having custody of the applicant is the properly named respondent. Rule 2, Rules Governing Section 2254 Cases in the United States District Courts. Therefore, the Attorney General should be dismissed.

sentence.  Record, Ex. 3.  Petitioner states that he has filed no applications for post-conviction relief.  Petition at 3.[2]

In his federal habeas petition, Petitioner raises the six issues he presented on direct appeal.  Respondent admits that Petitioner has exhausted his state court remedies and that the petition is timely.  Respondent contends that the OCCA's decision as to Petitioner's prosecutorial misconduct claim in Ground Two is not contrary to or an unreasonable application of Supreme Court law.  With respect to the remaining claims, Respondent contends that Petitioner raises matters of state law, and Petitioner is not entitled to habeas relief because he fails to show that the alleged errors rendered his trial fundamentally unfair.  Respondent also contends that Petitioner's claim of cumulative error is without merit.[3]

Factual Background

Petitioner was charged with committing lewd acts with a child under sixteen on May 18, 2003.  Ellen Holten testified that on May 18, 2003, she and her husband went to the home of Donna Tyra to do a lawn mowing job and they brought along their twelve-year old daughter J.H., and her friend C.R., because they could not find a sitter.  Trial Tr. at 46-48.  Ms. Holten saw Petitioner stop two vehicles on the street and attempt to kiss the female drivers, and later saw Petitioner come into Ms. Tyra's yard and heard him tell

---

[2]Although Petitioner indicates in his Petition that he was anticipating filing an application for post-conviction relief, Petition at 3, nothing in the record reflects that he has done so, nor has he sought leave to amend his habeas petition with any additional claims.  In any event, the addition of any claims that were not raised on direct appeal and have not been presented to the OCCA would be unexhausted,  ordinarily subjecting the entire petition to dismissal as a "mixed petition."  *See Pliler v. Ford*, 542 U.S. 225, 230 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 510 (1982)).

[3]Petitioner's claim of cumulative error was raised only in his supporting brief.  As more fully discussed *infra*, such claim has not been exhausted in the state courts, but may be denied on the merits.

J.H. and C.R. as he approached them that they "look[ed] good." *Id.* at 49. Both of the girls ran from Petitioner into the garage, and Petitioner followed them and penned J.H. against a wall and began feeling her body and her buttocks with his hands while making a grunting noise. *Id.* at 40, 49-51, 58, 84-85. J.H. was able to free herself and ran away; Petitioner then chased C.R. into the house. *Id.* at 41, 84-85. Ms. Tyra came into the house, took Petitioner outside and called the police. *Id.* at 41, 58-59.

Petitioner testified that he had been drinking on the two days prior to the incident and had consumed over a pint of gin on May 18. Trial Tr. at 99-100. He further testified that he was taking the prescription drugs Trazodone and Prozac. *Id.* at 91, 101. Although Petitioner testified to events leading up to the incident on May 18 and the events during the booking process at jail, he testified that he could not remember touching J.H. on May 18. *Id.* at 93.

## Discussion

### Standard Governing Petitions For Habeas Corpus

For factual and legal matters that have been adjudicated in state court, this Court may grant a writ of habeas corpus relief only if that adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) and (2). A state court's decision is contrary to clearly established federal law where it applies a rule that contradicts the law set forth in Supreme Court cases, or confronts a set of facts that are materially

3

indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). The "state court decision is not 'contrary to . . . clearly established Federal law' simply because the court did not cite [Supreme Court] opinions." *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003)(*per curiam*). "[A] state court need not even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'" *Id.* (quoting *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam*)).

A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." *Brown v. Payton*, 544 U.S. 133, 125 S.Ct. 1432, 1439 (2005); *Williams v. Taylor*, 529 U.S. at 407. With respect to the "unreasonable application" requirement, "it is the habeas applicant's burden to show that the state court applied [the Supreme Court case] to the facts of his case in an objectively unreasonable manner," not merely that the state court decision applied the Supreme Court case incorrectly. *Woodford v. Visciotti*, 537 U.S. 19, 24-25 (2002) (*per curiam*). "[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." *Holland v. Jackson*,    S.Ct.   , 124 S.Ct. 2736, 2737-2738 (2004) (*per curiam*) (citations omitted). Further, a state prisoner seeking habeas relief based on alleged erroneous factual determinations must overcome by clear and convincing evidence the presumption of correctness afforded state court factual findings. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924-25 (10th Cir. 2004).

**Ground One - Voluntary Intoxication**

In his first ground for relief Petitioner alleges that the trial court erred in failing to give a jury instruction on the defense of voluntary intoxication. Petitioner claims that he was so intoxicated that his mental abilities were totally overcome and thus he could not form the requisite criminal intent. Petition at 5. In rejecting this claim on direct appeal the OCCA found that the defense of voluntary intoxication "is available only when the crime charged has as its *mens rea* element a specific intent or special mental element," and concluded that the crime of lewd or indecent acts with a child under sixteen is a general intent crime, rendering an instruction on voluntary intoxication inapplicable in Petitioner's case. Response, Ex. 3 at 2. The OCCA further held that Petitioner had failed to show that he was so intoxicated "that his mental powers were totally overcome, rendering it impossible fro him to form the necessary criminal intent." *Id.*

To obtain relief on an alleged error in failing to instruct on voluntary intoxication, Petitioner must show that the failure to give an instruction rendered the trial fundamentally unfair. *See Brinlee v. Crisp*, 608 F.2d 839, 854 (10th Cir. 1979). Petitioner bears a great burden in this regard. *Tyler v. Nelson*, 163 F.3d 1222, 1227 (10th Cir. 1999). This is because "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Id.* (internal quotations omitted) (quoting *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)).

There is no Supreme Court precedent establishing a constitutional right to instructions regarding the defendant's intoxication at the time of the crime. *See generally Montana v. Egelhoff*, 518 U.S. 37, 39-40, 43, 51, 56 (1996) (holding that a Montana statute

precluding consideration of voluntary intoxication in determining existence of a mental state that is an element of the criminal offense does not violate the Due Process Clause). Moreover, under Oklahoma law Petitioner was not entitled to an instruction involving voluntary intoxication.  As stated by the OCCA, Oklahoma law provides that a voluntary intoxication defense is available only if specific intent is an element of the offense.  *See Pickens v. State*, 19 P.3d 866, 878-79 (Okla. Crim. App. 2001) ("Voluntary intoxication is not a defense to a general intent crime.") (citation omitted); *Fairchild v. State*, 998 P.2d 611, 619 (Okla. Crim. App. 1999) ("Voluntary intoxication is a partial defense only to specific intent crimes."); *Kreijanovsky v. State*, 706 P.2d 541, 544 (Okla. Crim. App. 1985) ("voluntary intoxication is available as a defense only when the crime with which the defendant is charged has as its *mens rea* element a specific criminal intent or a special mental element"); *see also* Oklahoma Uniform Jury Instructions 8-36 committee comments (2d ed. approved Apr. 4, 1996) ("[v]oluntary intoxication is not a defense to a crime having a general mens rea requirement" ) (citation omitted).

Here, the OCCA held that the offense of committing lewd acts with a child under sixteen was a general intent crime.  Response, Ex. 3.  *See also* Okla. Stat. tit. 21, § 1123(A)(2); *Fairchild*, 998 P.2d at 619 ("The statutory definition of specific intent crimes usually include the words 'intent to' (or 'intention to') followed by a statement of further intend action or consequence").  The state appellate court's interpretation of the state's law is binding on this Court.  *See Chapman v. LeMaster*, 302 F.3d 1189, 1196 (10th Cir. 2002) ("On habeas review, [] the [state] courts' interpretation of the state . . . statute is a matter of state law binding on this court.").  Petitioner fails to show that the trial court's

refusal to issue a jury instruction on voluntary intoxication violated his due process rights.

Even if the charged offense had involved a specific mental element, Petitioner fails to show that how the absence of an instruction on voluntary intoxication prejudiced him. "[A] defense of voluntary intoxication requires that a defendant, first, be intoxicated and, second, be so utterly intoxicated, that his mental powers are overcome, rendering it impossible for a defendant to form the specific criminal intent or special mental element of the crime." *Toles v. Gibson*, 269 F.3d 1167, 1177 (10th Cir. 2001) (quoting *Jackson v. State*, 964 P.2d 875, 892 (Okla. Crim. App. 1998)).  As the OCCA noted, Petitioner failed to show that he was so intoxicated that he was unable "to form the necessary criminal intent."  Response, Ex. 3 at 2.  The record shows that Petitioner testified that he remembered  the events leading up to the incident at Ms. Tyra's home on May 18.  Trial Tr. at 96-101.  Petitioner also testified as to the details of his arrest.  *Id*. at 107.  Further, Officer James Cummings testified that following his arrest, Petitioner appeared intoxicated but not disoriented, and he was able to provide complete details to complete the booking process, including medical history, medication information and contact phone numbers.  Trial. Tr.  64, 69-73.

Under these circumstances, the omission of the instruction on voluntary intoxication, even if applicable to the crime charged, did not render the trial fundamentally unfair.  Accordingly, the OCCA's rejection of this claim was not contrary to or an unreasonable application of Supreme Court law.  Petitioner is therefore not entitled to habeas relief on Ground One.

**Ground Two - Prosecutorial Misconduct**

Next, Petitioner alleges that certain comments made by the prosecutor during first stage closing argument deprived him of a fair trial.  Petition at 6.  Petitioner claims that the prosecutor made comments that (1) attacked defense counsel and (2) improperly appealed to the jury's sympathy for the victim.  Petitioner's Brief at 8-10.

The Tenth Circuit has held that unless the comments of a prosecutor violate a specific constitutional right, the test for determining whether or not prosecutorial comments violate due process is that set forth by the Supreme Court in *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974).  *Brecheen v. Reynolds*, 41 F.3d 1343, 1355 (10th Cir. 1994).  Prosecutorial comments violate due process only when the prosecutor's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair.  *Donnelly*, 416 U.S. at 642-48.  Under this test, it is not enough for Petitioner to show that the remarks were undesirable or even universally condemned.  *Id.* at 642-43. Rather, the relevant question is whether the remarks so infected the trial with unfairness as to make the resulting conviction a denial of due process.  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986).  In assessing a claim of prosecutorial misconduct, the allegations are considered in the context of the entire trial.  *Fero v. Kerby*, 39 F.3d 1462, 1474 (10th Cir. 1994).  To establish that a prosecutor's remarks were so inflammatory that they prejudiced the substantial rights of Petitioner, he must demonstrate either persistent and pronounced misconduct or that the evidence was so insubstantial that absent the

remarks, a conviction probably would not have occurred.  *See Thomas v. Cowley*, No. 90-6105, 1991 WL 151773, at *9 (10th Cir. Aug. 8, 1991).[4]

Petitioner contends that his claims Ground Two are subject to a *de novo* review. Petitioner's Reply at 5.   However, the OCCA adjudicated Petitioner's claim of prosecutorial misconduct claim on the merits.  Response, Ex. 3 at 2-3.   Therefore, this Court owes deference to the state court's result.  *See Early v. Packer*, 537 U.S. 3, 8 (2002) (holding that state court's failure to discuss or even to be aware of federal precedent does not in itself render the decision contrary to federal law); *Miller v. Mullin*, 354 F.3d 1288, 1292-93 (10th Cir. 2004) (applying the § 2254(d) deferential standard "notwithstanding the Oklahoma Court of Criminal Appeals' failure to cite or discuss federal case law") (citing *Mitchell v. Esparza*, 540 U.S. 12, 16 (2003)).   Accordingly, to prevail on his prosecutorial misconduct claim, Petitioner must establish that the state appellate court's decision was contrary to or an unreasonable application of clearly established federal law.

Attack on Defense Counsel

Petitioner's first allegation of prosecutorial misconduct is that the prosecutor made a personal attack on defense counsel, based on the following comments during first-stage closing argument:

> The second element is what the defense is going to argue.  That is what his whole entire argument is going to be about.  I submit to you that Mr. Savage will get up here and he will do what he is paid to do.  He has been hired to defend his client and try to see that he is not held accountable for these actions.

---

[4]Unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Trial Tr. 132.  Defense counsel objected and the trial judge told the prosecutor to "move on."  *Id.*  In reviewing Petitioner's challenge to these statements on direct appeal, the OCCA found that while a portion of the prosecutor's comments were "perhaps ill advised," the prosecutor "did not personally attack defense counsel" and no relief was warranted.  Response, Ex. 3 at 3.

Even if the prosecutor's comment was inappropriate, after reviewing the record, the undersigned cannot conclude the comments affected the outcome of the trial.  Prior to any testimony being taken, the jurors were instructed that while attorneys were to present the evidence in the case, "no statement or argument of the attorneys is evidence."  Trial Tr. at 27.  Following the objection made to the brief statement, the trial instructed counsel to move to another area of argument and thereafter, trial counsel confined his argument to a discussion of the elements of the crime and the evidence that had been admitted in support of each element.  Moreover, a review of the record shows that there was overwhelming evidence to support the jury's finding that Petitioner was guilty of committing indecent or lewd acts with a child under sixteen.  Under these circumstances, the undersigned finds that Petitioner has failed to show that the statement made by the prosecutor "so infected the trial with unfairness as to make the resulting conviction a denial of due process."  *Donnelly*, 416 U.S. at 643.

<u>Sympathy for the Victim</u>

In his second allegation of prosecutorial misconduct, Petitioner claims that the prosecutor elicited sympathy for the victim by stating the following:

> He talked a little bit about what effect it might have had on [J.H].  We know.
> She told us.  Nightmares.  Her mom told us, nightmares.  Upset stomachs.

Once again, no matter what happens here today, that's her price out of all of this for the rest of her life.

. . .

Can you imagine a scarier situation than a 12-year old girl in a strange neighborhood being chased around a strange house by a strange man four times her age, twice her height, three times her weight?  Being penned in a stranger's garage after she had ran as fast as she could, but it wasn't fast enough.

. . .

Can you imagine a scarier situation?

Trial Tr. 152-53.  The OCCA reviewed these unobjected to remarks for plain error and concluded that the challenged comments were "properly based on the evidence, and not grossly improper so as to affect [Petitioner's] right to a fair trial."  Response, Ex. 3 at 3.

While the Court does not condone prosecutorial remarks encouraging the jury to allow sympathy to influence its decision, *see Duvall v. Reynolds*, 139 F.3d 768, 795 (10th Cir. 1998), the undersigned finds that the brief statements about which Petitioner complains did not violate his constitutional rights.  Ms. Holten testified that Petitioner's attack severely frightened J.H., and both J.H. and her mother testified that J.H. had nightmares after the incident.  Trial Tr. at 50-53, 87.  Thus, the prosecutor's comments arguably fall within the "reasonable amount of latitude" a prosecutor is given in drawing inferences from the evidence during closing summation.  *See Duvall v. Reynolds*, 139 F.3d 768, 795 (10th Cir. 1998).  Viewing these statements in the context of the entire trial, and considering the isolated nature of the statements in the context of the prosecutor's entire closing argument, the statements, even if improper, did not cause the jury to stray from its responsibility to fairly judge the evidence.   In fact, the prosecutor reminded the jury that sympathy should not enter into their decision during deliberation. Trial Tr. at

11

151.   The undersigned finds that Petitioner has not shown that these comments so infected the trial with unfairness as to result in a denial of due process.

In sum, the undersigned finds that Petitioner has failed to show that the challenged remarks or questions by the prosecutor rendered his trial fundamentally unfair. *Donnelly*, 416 U.S. at 642-48.  Accordingly, the OCCA's rejection of Petitioner's prosecutorial misconduct claims was not contrary to an unreasonable application of federal law.  It is therefore recommended that habeas relief be denied on Ground Two.

## **Ground Three - Failure to Give Jury Instruction on Parole Eligibility**

In Ground Three Petitioner alleges that the trial court erred by refusing to instruct the jury regarding the significance of Oklahoma's "85% Rule."  Petition at 8 (citing Trial Tr. at 161).  Petitioner contends that under Oklahoma law he is required to serve eighty-five percent of the sentence imposed for lewd acts with a child under sixteen before being eligible for parole, and therefore "an instruction to the jurors could thwart any possibility that the jury may overcompensate by rendering [a] harsher sentence than the circumstances demanded."  Petitioner's Brief at 11 (citing Okla. Stat. tit. 21, §§ 12.1 and 13.1(18) (Supp. 2000)).[5]

The Supreme Court has stated that, with respect to alleged errors in jury instructions, "not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation."  *Middleton v. McNeil*, 541 U.S. 433, 124 S.Ct. 1830, 1832 (2004).  "The question is 'whether the ailing instruction . . . so infected the

---

[5]These two provisions together comprise the "85% Rule."  Section 12.1 states: "A person committing a felony offense listed in [Section 13.1] on or after March 1, 2000, and convicted of the offense shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections."  Okla. Stat. tit. 21, § 12.1 (Supp. 2000).

entire trial that the resulting conviction violates due process.'" *Id.* (quoting *Estelle v. McQuire*, 502 U.S. 62, 72 (1991)) (internal quotation omitted).  The Supreme Court has held due process requires that a jury be informed, either in a jury instruction or in arguments by counsel, as to parole eligibility only in capital cases in which future dangerousness is an issue.  *Simmons v. South Carolina*, 512 U.S. 154 (1994).  *Accord, Ramdas v. Angelone*, 530 U.S. 156, 167 (2000) ("The parole-ineligibility instruction is required only when, assuming the jury fixes the sentence at life, the defendant is ineligible for parole under state law.").

"Habeas proceedings may not be used to set aside a state conviction on the basis of erroneous jury instructions unless the error had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial in the constitutional sense." *Shafer v. Stratton*, 906 F.2d 506, 508 (10th Cir. 1990).  The petitioner who attacks a state conviction on the basis of the jury instructions "has a great burden." *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995).

Here, the OCCA rejected Petitioner's claim of error based on the failure to give an instruction on the issue of parole eligibility under Oklahoma law.  Citing previous OCCA decisions reflecting the Court's position that it is improper to instruct jurors regarding parole policy, the OCCA found "no error in the trial court's refusal to give [Petitioner's] requested instruction that he would be required to serve eighty-five percent (85%) of the sentence imposed prior to becoming eligible for parole."  Response, Ex. 3 at 3.  This decision is not contrary to or an unreasonable application of clearly established Supreme Court jurisprudence, and the omission of a jury instruction on the issue of parole

eligibility did not render Petitioner's trial fundamentally unfair. [6] *See Jones v. Mullin*, No. 05-6235, 2006 WL 925687 (10th Cir. April 11, 2006) (denying a certificate of appealability and rejecting petitioner's claim that the trial court's failure to provide a jury instruction regarding Oklahoma's parole eligibility requirements violated his due process rights). Accordingly, Petitioner is not entitled to habeas relief concerning this claim.

## Ground Four - Prosecutor's Question Concerning Probation

Petitioner testified on his own behalf at trial, and defense counsel elicited information regarding Petitioner's previous felony convictions, including two felony convictions in 1999.   Trial Tr. at 91.   In Ground Four Petitioner alleges that the prosecutor improperly questioned him during cross-examination by asking Petitioner "And for those crimes you are on probation?" *Id.*   Defense counsel objected and the trial court sustained the objection. *Id.* at 103.   On direct appeal, Petitioner argued that the question amounted to an inquiry by the prosecutor regarding the amount of time he actually served on a prior conviction and that the question improperly prejudiced the jury and deprived him of a fair trial.   Response, Ex. 1 at 14.   In rejecting this claim on direct appeal, the OCCA found that any error was cured by the trial court's ruling and further, the ruling prevented Petitioner from responding to the question. Response, Ex. 3 at 3.   Thus, the Court concluded that Petitioner failed to show how he was prejudiced

---

[6]The undersigned notes that in *Anderson v. State*, 130 P.3d 273, 282 (Okla. Crim. App. 2006), the OCCA reconsidered the issue of instructing jurors on parole eligibility and held that jurors should be instructed on the statutory limitations on parole eligibility under Okla. Stat. tit. 21 § 12.1. and 13.1.   The OCCA specified that the holding would have only prospective application. *Id.* at 283.   Thus, the OCCA's holding in *Anderson* has no effect on the analysis of Petitioner's claim in Ground Three.

because the jury did not hear any evidence concerning the length of his sentences or time actually served. *Id.* at 3-4.

As previously set forth in Ground Two, habeas relief based on a claim of prosecutorial misconduct is available only when a petitioner shows that the prosecutor's conduct, in the context of the entire trial, rendered the trial fundamentally unfair.[7] *Donnelly*, 416 U.S. at 642-48; *Darden*, 477 U.S. at 181.

Here, Petitioner fails to show that the prosecutor's question deprived him of a fair trial. The prosecutor's question concerning Petitioner's probationary status did not evoke testimony regarding the dates of his prior conviction and release. In any event, no answer was given, and the trial court immediate sustained the objection by defense counsel. Moreover, as previously stated, the evidence of Petitioner's guilt was overwhelming. Therefore, the undersigned finds that Petitioner has not shown that the prosecutor's question in this regard rendered his trial fundamentally unfair so as to deny him due process. Accordingly, the OCCA's rejection of this claim on direct appeal was neither contrary to nor an unreasonable application of Supreme Court law. Petitioner is not entitled to habeas relief on this claim.

---

[7]Respondent has characterized Petitioner's claim in Ground Four as a challenge to the trial court's admission of other crimes evidence. Response at 11-12. However, the undersigned finds that this claim – as presented on direct appeal, as addressed by the OCCA and as presented in Petitioner's supporting brief – is more properly construed as a challenge to the prosecutor's inquiry during cross-examination of Petitioner. *See* Response, Ex. 1 at 13-14; Ex. 3 at 3-4; Petitioner's Brief at 12 (citing *Cargle v. Mullin*, 317 F.3d 1196, 1220 (10th Cir. 2003)). In any event, whether characterized as a challenge to the prosecutor's line of questioning or as erroneous admission of other crimes evidence, Petitioner must show that the alleged error rendered his trial fundamentally unfair.

**Ground Five - Admission of Other Crimes Evidence**

In Ground Five Petitioner alleges he was denied a fair trial by the introduction of other crimes evidence.  Petition at 12.  Petitioner asserted on direct appeal that the following exchange between the prosecutor and State's witness Donna Tyra implied Petitioner was involved in intimidating this witness:

> Mr. Stanford (prosecutor):  Since that time, do you still live at this house in Del City?
>
> Ms. Tyra:  I had to move because of the harassment.
>
> Mr. Stanford:  Harassment by who?
>
> Ms. Tyra:  I don't know.

Trial Tr. at 61.  At this point defense counsel objected to the relevance of the questioning and the trial court overruled the objection.  *Id.*  The prosecutor again asked Ms. Tyra if she knew who was harassing her and she responded:

> Huh-uh.  I mean it was like car loads of people drive by and said, "White bitch.  You should have never done that."  I tried to explain to them I didn't do this.

Trial Tr. at 61.  Defense counsel again objection and the trial court sustained the second objection.  *Id.*

The OCCA rejected Petitioner's claim that he was denied a fair trial by the admission of evidence of other crimes.  Response, Ex. 3 at 4.  The Court found that it was not clear from the record that Ms. Tyra's testimony meant that Petitioner had been harassing her, but in any event, by sustaining the defense objection before the issue was presented to the jury, any error was cured.  Response, Ex. 3 at 4.

16

At the outset it should be noted that when no particular constitutional guarantees are implicated, evidentiary objections raise questions merely of state law and, therefore, are cognizable in a federal habeas action only if the alleged error was so grossly prejudicial that it fatally infected the trial and denied the fundamental fairness that is the essence of due process. *Revilla v. Gibson*, 283 F.3d 1203, 1212 (10th Cir. 2002). A federal court "will not disturb a state court's admission of evidence of prior crimes, wrongs or acts unless the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies defendant due process of law." *Scrivner v. Tansy*, 68 F.3d 1234, 1239-40 ( 10th Cir. 1995); *accord Duvall v. Reynolds*, 139 F.3d 768, 788 (10th Cir. 1998) (finding that admission of prior acts testimony, even if constitutionally erroneous, would be harmless because any such error did not have a substantial and injurious effect on the jury's verdict). In other words, federal habeas relief does not lie for errors of state law absent a determination that the state court's finding was so arbitrary and capricious as to constitute an independent due process violation. *Fields v. Gibson*, 277 F.3d 1203, 1220 (10th Cir. 2002) (citing *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Thus, Petitioner's burden is a heavy one; he must show that the state's failure to follow its own law is arbitrary in the constitutional sense, that is, it must shock the judicial conscience. *Aycox v. Lytle*, 196 F.3d 1174, 1180 (10th Cir. 1999).

The undersigned finds that Petitioner has failed to sustain this burden. In light of the overwhelming evidence of Petitioner's guilt presented at his jury trial and the trial court's sustaining defense counsel's objection, the admission of this testimony by Ms. Tyra did not render Petitioner's trial so unfair as to constitute a denial of due process.

Because Petitioner fails to show that the OCCA's rejection of this claim was contrary to, or an unreasonable application of, clearly established Supreme Court jurisprudence, Petitioner is not entitled to habeas relief.

## Ground Six - Excessive Sentence

In his final ground for relief Petitioner contends that his thirty-five year sentence is excessive and should "shock the conscience" of this Court, particularly because his conviction is a first offense. Petition at 14. Petitioner concedes that the punishment he received was within the range provided by law but claims that his sentence "do[es] not bear a direct relationship to the circumstances and facts of the crime." Petitioner's Brief at 15.

The Eighth Amendment requires that a sentence not be disproportionate to the severity of the crime or involve unnecessary infliction of pain. *See Solem v. Helm*, 463 U.S. 277, 284 (1983). On habeas review, federal courts must afford wide discretion to the state trial court's sentencing decision, and challenges to that decision are not generally constitutionally cognizable unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law. *Dennis v. Poppel*, 222 F.3d 1245, 1258 (10th Cir. 2000) (citations omitted). The range of punishment Petitioner faced for indecent or lewd acts with a child under sixteen was not less than 20 years to life imprisonment due to his three prior felony convictions. *See* Okla. Stat. tit. 21, § 51.1(B) (Supp. 2002); *see also* Okla. Stat. tit. 57, § 571(cc). The OCCA found that Petitioner's thirty-five year sentence was within the statutory limit and was not shockingly excessive in Petitioner's case. Response, Ex. 3 at 2.

"Generally, [habeas] review of a sentence ends once [the court determines] the sentence is within the limitation set by statute." *Dennis*, 222 F.3d at 1258 (citation omitted). Here, Petitioner was sentenced in accordance with the permissible range provided for by Oklahoma law. The OCCA's determination of this issue is neither contrary to or an unreasonable application of controlling Supreme Court precedent. Therefore, Petitioner is not entitled to habeas relief in Ground Six.

**Cumulative Error - Ground Seven**

Although Petitioner did not present a seventh ground for relief in his petition, in his supporting brief he alleges as "Proposition VII" that the cumulative effect of errors denied his right to a fair trial. Petitioner's Brief at 16. Petitioner did not raise a claim of cumulative error on direct appeal and therefore this claim has not been presented to the state courts as required by 28 U.S.C. § 2254(b)(1)(A). Even though this claim is unexhausted, it may be denied on the merits. 28 U.S.C. § 2254(b)(2).

It is well established that "[c]umulative-error analysis applies where there are two or more actual errors; it does not apply to the cumulative effect of non-errors." *Moore v. Reynolds*, 153 F.3d 1086, 1113-14 (10th Cir. 1998); *see also Newsted v. Gibson*, 158 F.3d 1085, 1097 (10th Cir. 1998) ("A non-error and a non-prejudicial error do not cumulatively amount to prejudicial error."). As previously discussed, Petitioner is not entitled to habeas relief with respect to claims raised in Grounds One through Six. Therefore, his cumulative error argument is without merit and he is not entitled to habeas relief on this basis. *See Berget v. Gibson*, No. 98-6381, 1999 WL 586986, at *17 (10th Cir. Aug. 5, 1999)

("Because we have noticed no errors in the proceedings, there can be no cumulative error.").

## **RECOMMENDATION**

For these reasons, it is the recommendation of the undersigned Magistrate Judge that the petition for writ of habeas corpus be denied and that the Attorney General of the State of Oklahoma be dismissed.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by the 9th day of August, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein.  *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 20th day of July, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE